IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| S&M BRANDS, INC. and ) | |
| INTERNATIONAL TOBACCO PARTNERS, ) | |
| LTD., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:05-0171 |
| ) | |
| PAUL G. SUMMERS, in his official capacity as ) | Judge Thomas A. Wiseman, Jr. |
| Attorney General of the State of Tennessee, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion for Stay of Order Dismissing Antitrust Claims (Doc. No. 112), along with a supporting Memorandum of Law (Doc. No. 113). In support of their Motion, Plaintiffs posit that this Court's October 6, 2005 Order ("Original Order") dismissing Plaintiffs' antitrust claims is in conflict with an order issued by the Second Circuit Court of Appeals on September 28, 2005 in the case of Grand River Enterprises Six Nations, Ltd. v. Pryor, 425 F.3d 158. The Court disagrees. For the reasons explained more fully below, the Motion is **DENIED**.

### Discussion

The plaintiffs in the Grand River case are three tobacco product manufacturers or importers who, like Plaintiffs in the case at bar, did not participate in the MSA. The Grand River plaintiffs filed suit in the United States District Court for the Southern District of New York (John F. Keenan, Judge) against thirty-one current and former state attorneys general in their official capacities, all from states that have enacted Escrow Acts and Contraband Statutes in connection with the MSA. Tennessee's Attorney General, Paul G. Summers, is a defendant in that case. The claims in Grand River are similar to those here in that the plaintiffs seek to enjoin enforcement of the various states' tobacco statutes on constitutional and antitrust grounds.

Upon the defendants' motion, Judge Keenan entered an order dismissing the claims against the thirty non-New York defendants for lack of personal jurisdiction, and granting the motion of all thirty-one defendants to dismiss for failure to state a claim upon which relief can be granted. Grand River

Enterprises Six Nations, Ltd. v. Pryor, No. 02 CIV.5068I (JFK), 2003 WL 22232974 (S.D.N.Y. Sept. 29, 2003). Soon after that order was issued, the Second Circuit decided Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205 (2d Cir. 2004) (discussed in this Court's Original Order), which rejected the basis for Judge Keenan's dismissal of the antitrust claim. In response to a motion for reconsideration, the District Court issued an opinion and order dated July 15, 2004 reinstating the antitrust claim only, and only as to New York's Attorney General. Grand River, No. 02 CIV. 5068(JFK), 2004 WL 1594869 (S.D.N.Y. July 15, 2004).

On appeal, the Second Circuit reversed the dismissal of the non-New York defendants. More specifically, the Second Circuit held that the five months in 1998 that the state attorneys general had spent in New York negotiating the terms of the MSA and the Escrow Statutes was sufficient to subject them to personal jurisdiction in New York under New York's very broad long-arm statute, N.Y. C.P.L.R. § 302. Thus, the posture of that case now is that the parties are back before the district court, and the plaintiffs will have the opportunity to try to prove their antitrust claims at the trial level. No final order has been entered in that case.

Plaintiffs in this case now claim that, "[b]ecause the Second Circuit has held that Tennessee is amenable to personal jurisdiction in New York, Tennessee now appears to be bound by two conflicting orders. In the Southern District of New York, the Grand River plaintiffs may proceed with their antitrust claims against Tennessee. Meanwhile, in this District, the antitrust claims against Tennessee have been dismissed. Because these orders conflict and the Second Circuit personal jurisdiction ruling was first in time, that order should take precedence and Tennessee should be precluded from benefiting from the later order." (Doc. No. 113, at 3.)

Grand River is a suit brought in federal court and therefore the federal rule of collateral estoppel or issue preclusion determines whether it should bar any claim raised in this litigation. See Matter of Energy Co-op., Inc., 814 F.2d 1226, 1230 (7th Cir. 1987) (citing Restatement (Second) of Judgments § 87 (1982)), and 18 Wright, Miller, Cooper, Federal Practice & Procedure § 4466); see also Wolfe v. Perry, 412 F.3d 707, 716 (6th Cir. 2005). The doctrine of collateral estoppel as articulated by the United States Supreme Court provides that, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a

2

different cause of action involving a party to the prior litigation."  Montana v. United States, 440 U.S. 147, 153 (1979).  The Sixth Circuit has clarified that collateral estoppel will apply when:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation,
> (2) *the issue was actually litigated and decided in the prior action*,
> (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation,
> (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and
> (5) the party to be estopped had a full and fair opportunity to litigate the issue.

Wolfe, 412 F.3d at 716 (emphasis added) (citing Santana-Albarran v. Ashcroft, 393 F.3d 699, 704 (6th Cir.2005)).

The only "issue" resolved by the Second Circuit in the Grand River opinion was whether Tennessee's Attorney General is subject to personal jurisdiction in New York, which is not remotely relevant to the case before this Court.  The question that is at issue in both cases is whether the enactment and enforcement of the Escrow Act in Tennessee constitutes a violation of federal antitrust law.  That issue has not yet been "actually litigated and decided" in Grand River.  Instead, as indicated above, the District Court simply denied the defendants' motion to dismiss the antitrust claim.[1]  Denial of a motion to dismiss is not an adjudication on the merits.  Accordingly, collateral estoppel does not attach, and Plaintiffs have no basis for seeking a stay of this Court's Original Order.

Plaintiffs' Motion for a Stay is therefore DENIED.

**It is so ORDERED.**

Thomas A. Wiseman, Jr.
Senior U.S. District Judge

---

[1]Conversely, the issue has actually been litigated and decided in this case:  This Court, in its Original Order, dismissed Plaintiffs' antitrust claims on the grounds that "antitrust law does not apply to states acting as sovereigns."  (Doc. No.105, quoting Jackson, Tenn. Hosp. Co. v. W. Tenn. Healthcare, Inc., 414 F.3d 608, 611 and n.5 (6th Cir. 2005).  This Court's ruling, even if affirmed on appeal, obviously will not have preclusive effect in Grand River, because the Grand River plaintiffs have not had the opportunity to litigate that question.

3