IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| S&M BRANDS, INC. and<br>INTERNATIONAL TOBACCO PARTNERS,<br>LTD., <br><br>    Plaintiffs,<br><br>v.<br><br>PAUL G. SUMMERS, in his official capacity as<br>Attorney General of the State of Tennessee,<br><br>    Defendant. | Case No. 3:05-0171<br><br>Judge Thomas A. Wiseman, Jr. |

## ORDER

Before the Court are two motions for partial summary judgment, one filed by plaintiffs S & M Brands, Inc. ("S&M") and International Tobacco Partners, Ltd. ("ITP") (Doc. No. 85), and the other filed by Defendant Paul G. Summers (Doc. No. 107). Plaintiffs have filed a Memorandum of Law in support of their motion and a Statement of Undisputed Material Facts (Doc. Nos. 86 and 87). The Defendant has filed a response to the Plaintiffs' Statement of Undisputed Facts (Doc. No. 110) as well as his own Statement of Undisputed Facts (Doc. No. 108). Defendant filed a Memorandum of Law in support both of his motion for partial summary judgment and in opposition to Plaintiffs' motion (Doc. No. 111). Plaintiffs have responded to Defendant's statement of undisputed facts (Doc. No. 115) and also filed a supplemental brief, denominated as their "Memorandum of Law in Further Support of Motion for Partial Summary Judgment and in Opposition to Defendant's Cross-Motion for Summary Judgment (Doc. No. 116 and 118). In the Court's estimation, the matter has now been fully briefed and is ripe for consideration. Having reviewed the parties' filings in support of and in opposition to the motion and the entire record herein, the Court has determined that oral argument is not necessary.

For the reasons set forth in the accompanying Memorandum, the Court hereby **DENIES** Plaintiffs' Motion (Doc. No. 85) as to S&M's claims, and **GRANTS IN PART and DENIES IN PART** Plaintiffs' Motion as to ITP's claims. Specifically, Plaintiffs' Motion is **GRANTED** insofar as Plaintiffs seek a declaration that Defendant's application of the ASR Amendment to ITP's 2003 escrow release was unconstitutional.

Likewise, the Court hereby **GRANTS IN PART and DENIES IN PART** Defendant's Motion (Doc. No.

107). In particular, Defendant's Motion will be **GRANTED** as to all claims brought under state law and **GRANTED** as to all claims brought by Plaintiff S&M. Defendant's Motion is **GRANTED** as to ITP's claim for a release of funds escrowed in connection with 2004 cigarette sales and **DENIED** as to ITP's claim for a release of funds escrowed in connection with its 2003 cigarette sales.

It is so **ORDERED**.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge