IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| S&M BRANDS, INC. and <br> INTERNATIONAL TOBACCO PARTNERS, LTD., <br>     Plaintiffs, <br> v. <br> PAUL G. SUMMERS, in his official capacity as Attorney General of the State of Tennessee, <br>     Defendant. | Case No. 3:05cv0171 <br><br> Judge Thomas A. Wiseman, Jr. |

## MEMORANDUM OPINION

Before the Court is Plaintiff International Tobacco Partners, Ltd.'s motion for attorney fees and costs (Doc. No. 165), filed in conjunction with a supporting Memorandum of Law (Doc. No. 164). Defendant Paul G. Summers has filed a memorandum in opposition to Plaintiff's motion (Doc. No. 166).

In its motion, International Tobacco Partners, Ltd. ("ITP") does not ask for a specific amount to be awarded in fees or costs, and in fact has not complied with Local Rule 13(e)(3) pertaining to the documentation required to support a request for an award of fees. Instead, ITP requests that the Court issue an order finding that ITP is a "prevailing party" entitled to an award of attorney fees and costs pursuant to 42 U.S.C. § 1988, in an amount to be determined after any appeal of the issue has been resolved. The motion will be granted in part and denied in part.

More specifically, as set forth below, the Court determines that ITP is a "prevailing party" for purposes of an attorneys' fee award pursuant to 42 U.S.C. § 1988, and that there are no special circumstances that would justify denial of an award of attorneys' fees. Consequently, the Court will grant ITP's motion that it be determined to be the "prevailing party" for purposes of an award of attorney fees, with the issue of the amount of fees to be determined after resolution of any appeal of the issue on which ITP prevailed. This ruling is contingent upon ITP's filing proper documentation in compliance with all applicable rules to support the amount of fees sought and also assumes that the judgment in favor of ITP is not reversed on appeal. The motion for costs under Rule 54(d)(1) of the Federal Rules

of Civil Procedure will, however, be denied without prejudice on the ground that ITP is not the "prevailing party" for purposes of that rule.

I. **PROCEDURAL BACKGROUND**

As both parties have acknowledged, this action has a somewhat lengthy and convoluted procedural history. Only those facts relevant to the present motion will be summarized herein. In an Order dated October 6, 2005 (Docket No. 106), the Court granted Defendant Summers' Motion to Dismiss all of both Plaintiffs' antitrust and constitutional claims, except those claims related to the alleged retroactive enforcement of Tennessee's Allocable Share Release Amendment, Tenn. Code Ann. § 47-31-103(a)(2)(B)(ii) (2004) ("ASR Amendment"). The parties then filed cross-motions for partial summary judgment as to the claims relating to the ASR Amendment, including the issue of whether Plaintiff ITP had standing to bring the claims at all. In an Order dated November 28, 2005 (Doc. No. 122), the Court granted Defendant Summers' motion for partial summary judgment as to all claims brought by both Plaintiffs under state law, and as to Plaintiff S&M Brands' claim pertaining to the allegedly unconstitutional retroactive enforcement of the ASR Amendment.

However, in the same Order, the Court also granted summary judgment in favor of ITP as to its claim that the 2004 ASR Amendment had been applied retroactively, in violation of ITP's due process rights, to ITP's claim for a release of funds escrowed in connection with cigarette sales made in Tennessee during the year 2003. In reaching that conclusion, the Court necessarily ruled that ITP had standing to bring the claim in question, and denied Defendant's motion for partial summary judgment of ITP's claim on that ground. (Doc. No. 122.) The Court subsequently denied Defendant's Motion for Reconsideration and/or To Alter or Amend Judgment on the issue of ITP's standing. (Doc. No. 159.) The parties have now stipulated that the total amount of the release of escrowed funds for 2003 to which ITP is entitled is $30,802.80 (see Doc. No. 161),[1] but disagree on the issue of whether ITP is entitled to recover attorney fees or costs associated with the prosecution of this one issue.

II. **LEGAL ANALYSIS**

  A. **Attorneys' Fees Claim**

---

[1] The Defendant stipulated to this amount while reserving the right to appeal the Court's determination of the issue of ITP's standing.

2

Under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, a court may award reasonable attorneys' fees to a prevailing party in a civil rights action. Although an award of fees is theoretically discretionary with the district court, the Supreme Court has held that a prevailing plaintiff in a civil rights case "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (internal quotation marks and citations omitted); Deja Vu v. Metro. Gov't of Nashville & Davidson County, Tenn., 421 F.3d 417, 422 (6th Cir. 2005).[2]

Thus, in order to determine whether an award of fees is appropriate here, the Court must first determine whether the particular claim at issue falls within the parameters of 42 U.S.C. § 1988. If so, the next question is whether ITP is a "prevailing party" for purposes of the statute and, if so, whether "special circumstances" exist that nonetheless justify denial of an award of attorneys' fees. As set forth below, the Court finds that § 1988 applies, that ITP is a "prevailing party," and that Defendant has not demonstrated the existence of any "special circumstances" that would justify denial of a properly supported motion for attorney fees.

### *(1) The Attorneys' Fee Statute Applies To the Claim At Issue.*

Defendant does not present a serious argument in opposition to the application of § 1988 other than to point out that ITP did not expressly allege liability under 42 U.S.C. § 1983 or any other statute explicitly providing for an award of attorneys' fees. Notwithstanding, section 1983, in pertinent part, provides a cause of action against "[e]very person who, under color of any statute . . . of any State," deprives any person "within the jurisdiction [of the United States]" of any rights or privileges secured by the United States Constitution. 42 U.S.C. § 1983. As set forth in the Complaint, ITP's claim was premised upon the Defendant's retroactive enforcement of the ASR Amendment in violation of ITP's "due process rights guaranteed by the Fourteenth Amendment of the U.S. Constitution" (Compl. ¶ 95). That allegation, upon which ITP has prevailed, clearly falls within the purview of § 1983. Cf. Carter v. City of Chattanooga, Tenn., 803 F.2d 217, 223 (6th Cir. 1986) (noting that § 1983 was "designed to

---

[2]A prevailing defendant, on the other hand, may recover an attorney's fee in a civil rights suit only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant. See H.R. Rep. No. 94-1558, at 7 (1976); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978).

3

insure that victims of unconstitutional state action are fairly compensated for the violation"). In addition, Plaintiffs requested attorneys' fees in their Complaint. The Court concludes that 42 U.S.C. § 1988 applies to the claim at issue here.

### *(2) ITP Qualifies As a "Prevailing Party" For Purposes of 42 U.S.C. § 1988.*

Under its "generous formulation" of the term, the Supreme Court has held that a plaintiff "prevails" "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 109, 111-12 (1992). Thus, the elements of "prevailing party" status include "at least some relief on the merits" of the plaintiff's claim and "an enforceable judgment against the defendant . . . or comparable relief." Id. at 111. Moreover, the "prevailing party inquiry does not turn on the magnitude of the relief obtained," and the " 'degree of the plaintiff's success' does not affect 'eligibility for a fee award.' " Id. at 114 (quoting Tex. St. Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 790 (1989)).

In the instant case, ITP has prevailed on one small claim among many. Notwithstanding the relative insignificance of this victory in the midst of its defeat, ITP has received "actual relief on the merits" of one of its claims: Defendant has been instructed to cease its retroactive application of the ASR Amendment to ITP's claim for a release of funds from escrow for the year 2003. In conjunction with that ruling, no actual monetary damages were awarded from Tennessee's state treasury, nominal or otherwise. Instead, the Defendant has been directed to release funds that are being held in escrow for ITP's benefit. Notwithstanding, that judgment "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."

Consequently, the Court has no choice but to conclude that ITP's small victory is sufficient to qualify it as a "prevailing party" for purposes of an award of attorneys' fees, at least for legal work directly associated with this particular issue. See Hensley, 461 U.S. at 440 ("[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."); Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ., 360 F.3d 604, 612 (6th Cir. 2004) (noting that a plaintiff's "limited success" may result in an award of only a fraction of its total legal fees but "should not . . . act[ ] as a total bar to recovery").

4

### C. Defendant Has Not Demonstrated the Existence Of "Special Circumstances."

Neither the Supreme Court nor the Sixth Circuit has defined what "special circumstances" are sufficient to defeat an attorney's fee award to a prevailing plaintiff. See Hensley, 461 U.S. at 429. The Sixth Circuit has expressly rejected a formulaic approach to determining whether special circumstances exist, and has instead adopted a case-by-case approach. Wikol, 360 F.3d at 611. Moreover, while there are no bright line rules regarding special circumstances, courts have made clear that "special circumstances" are relatively rare. See, e.g., Blanchard v. Bergeron, 489 U.S. 87, 96 (1989) (finding that a contingent-fee agreement between the prevailing party and his attorney is not a special circumstance justifying the denial of an attorney's fee award, because the purpose of the fee-shifting provision is to encourage socially productive litigation regardless of the monetary damages won, and because a contrary rule would not equally encourage suits involving injunctive and declaratory relief); Wikol, 360 F.3d at 611 (noting that the Sixth Circuit had expressly rejected the argument that a plaintiff's bad acts are special circumstances warranting the denial of attorney fees and holding that plaintiffs' allegedly false and misleading billings did not constitute "special circumstances" justifying denial of attorneys' fee award, citing Price v. Pelka, 690 F.2d 98, 101 (6th Cir. 1982) (plaintiff's perjury was not a special circumstance that warranted a denial of attorney fees in a housing discrimination case)); Morscott, Inc. v. City of Cleveland, 936 F.2d 271, 273 (6th Cir. 1991) (good faith on the part of the Defendant is not a "special circumstance" justifying denial of attorneys' fees).

Regardless, the burden of demonstrating the existence of special circumstances falls squarely upon the Defendant. Id. Defendant Summers has not attempted to demonstrate that any such circumstances exist. The Court therefore finds that there are no special circumstances justifying denial of an award of attorneys' fees.

### B. ITP Is Not the "Prevailing Party" For Purposes Of an Award Of Costs.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The standard for determining the identity of a "prevailing party" for purposes of a cost award is not the same "generous formulation," Farrar, 506 U.S. at 109, applied in determining whether attorney fees are

5

warranted under 42 U.S.C. § 1988. The prevailing party of a suit for purposes of determining which party is entitled to costs is generally the one "who successfully prosecutes the action or successfully defends against it, prevailing on the merits of the *main issue*." 20 Am. Jur. 2d "Costs" § 11 (emphasis added). At this point, the fact that ITP has prevailed upon one issue among many does not make it the prevailing party for purposes of an award of costs. The motion for costs will be denied without prejudice to Plaintiffs' renew it, if appropriate, after resolution of their appeal. Cf. Nemir v. Mitsubishi Motors Corp., 381 F.3d 540, 560 (6th Cir. 2004) (setting aside district court's award of costs to defendant as prevailing party upon reversal of judgment on appeal).

### III. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff ITP, as the "prevailing party" on the issue of the retroactive application of the ASR Amendment to ITP's request for a release of escrowed funds relating to 2003 cigarette sales, will be entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988, in an amount to be determined at a later date and presuming, of course, that ITP complies with the requirements of all applicable rules pertaining to requests for attorneys' fees. Further, to be clear, the Court agrees with Defendant that any fee awarded will be commensurate with the relatively limited nature of ITP's success.

ITP's motion for an award of costs will denied without prejudice on the basis that ITP is not the "prevailing party" for purposes of Fed. R. Civ. P. 54(d)(1).

An appropriate Order will enter.

                                        Thomas A. Wiseman, Jr.
                                        Senior U.S. District Judge